United States Court of Appeals
Fifth Circuit

**F I L E D**

**February 2, 2007**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 06-60432
Summary Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JESSICA HARRIS,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Northern District of Mississippi
USDC No. 2:04-CR-179-ALL
--------------------

Before KING, HIGGINBOTHAM, and GARZA, Circuit Judges.

PER CURIAM:[*]

Jessica Harris appeals from her conviction following a jury trial for assaulting a United States Postal Inspector with a deadly weapon and resisting arrest by a United States Postal Inspector, in violation of 18 U.S.C. § 111. Harris argues that a comment by the district court at the conclusion of her testimony was prejudicial and denied her a fair trial because it indicated to the jury that the court disbelieved her.

Harris correctly concedes that because she did not object to the district court's comment during trial review on appeal is

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

limited to plain error.  See United States v. Saenz, 134 F.3d
697, 701 (5th Cir. 1998).  To demonstrate plain error the
appellant must show the following factors: (1) there is an error,
(2) that is clear or obvious, and (3) that affects her
substantial rights.  United States v. Olano, 507 U.S. 725, 731-37
(1993).  If these factors are established, the decision to
correct the forfeited error is within the sound discretion of the
court, and the court will not exercise that discretion unless the
error seriously affects the fairness, integrity, or public
reputation of judicial proceedings.  Id. at 735-36.

The district court's comment was an isolated remark that was
not made during Harris's testimony nor specifically directed at
Harris.  It was immediately followed by expert testimony for the
defense and rebuttal evidence from the Government, which
contradicted Harris's defense.  Further, the district court
properly instructed the jury to disregard any comments that it
may have made during trial as implying that the court had any
opinion concerning the issues involved.  Jurors are presumed to
follow their instructions.  United States v. Wyly, 193 F.3d 289,
299 (5th Cir. 1999).  Based on the totality of the circumstances,
the evidence at trial, and the curative instruction, Harris fails
to show that the remark was sufficiently prejudicial that it
deprived her of a fair trial; she thus fails to show reversible
plain error.  See Saenz, 134 F.3d at 701; see also Rodriquez v.
Riddell Sports, Inc., 242 F.3d 567, 579-80 (5th Cir. 2001).

AFFIRMED.